No. DA 06-0007

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 252N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JERRY LEE KELLER,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-98-165,
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Jerry Lee Keller, *pro se*, Great Falls, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

        George H. Corn, County Attorney, Hamilton, Montana

Submitted on Briefs:  September 13, 2006

Decided:  October 3, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jerry Lee Keller pled guilty to the felony offense of aggravated assault and the misdemeanor offense of negligent endangerment as a result of an altercation with his girlfriend occurring on October 30, 1998. On September 29, 1999, Keller was sentenced to fifteen years imprisonment, with thirteen years suspended for the felony offense, and one year in jail for the misdemeanor, to run concurrent. The conditions of the suspended portion of the felony sentence included restitution to the victim in the amount of $9,973.43, plus assessment of other costs and fees.

¶3 On October 29, 2000, Keller was discharged from the Montana State Prison. On May 16, 2002, the State of Montana filed a petition to have Keller's suspended sentence revoked because he violated conditions of his suspended sentence. The District Court entered a judgment reinstating the suspended sentence and adding another condition. On May 13, 2004, the State filed a second petition to revoke Keller's suspended sentence for again violating conditions of the sentence. As a result, on October 27, 2004, the court revoked Keller's suspended sentence. He was sentenced to the Montana State Prison for

thirteen years, less two years and three months of credit for time served in jail and on probation.

¶4 On September 14, 2005, Keller filed a motion requesting the court to eliminate his sentence provision requiring him to pay restitution. He argued that no statutory authority existed which allowed the Department of Corrections to withhold a percentage of his earnings for restitution. Further, he argued that pursuant to *State v. Honey*, 2005 MT 107, 327 Mont. 49, 112 P.3d 983, restitution can only be included as part of a suspended or deferred sentence. The District Court treated the motion as a petition for postconviction relief and ruled that the claims were procedurally barred. Alternatively, the court denied relief on the merits. Keller appeals.

¶5 This Court reviews criminal sentences for legality only to determine whether the sentence falls within the parameters set by statute. A district court's authority to impose a sentence is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority. *State v. Vernes*, 2006 MT 32, ¶ 27, 331 Mont. 129, ¶ 27, 130 P.3d 169, ¶ 27 (citations omitted). Here, the District Court interpreted and applied the appropriate statutes and case law to determine that restitution was correctly imposed and that statutory authority existed, pursuant to § 46-18-237, MCA (2003), to withhold a percentage of Keller's income.

¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us

3

that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶7   We affirm the judgment of the District Court.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JOHN WARNER
/S/ BRIAN MORRIS